[No. 3754.]

## HALE v. COCHRANE.

CONTRACT—*Rescission.* Purchaser of live stock assumes possession and ships the animals to market in another state, consigned to brokers of his own selection. The animals being offered at this market, one having no apparent authority in the premises raises a false question as to the title, not disturbing the possession, and the brokers sell them in the

open market. An attempted rescission of the sale by the purchaser for the pretended defect in the title is without effect. He is liable to the seller for the contract price.

*Appeal from Larimer District Court.* Hon. John W. Sheafor, Judge.

Messrs. Rhodes & Temple and Messrs. Rhodes & Farnsworth, for appellant.

Messrs. Allen & Webster, for appellee.

Cunningham, Presiding Judge.

Appellee Cochrane, a stockman living near Wheatland, in Wyoming, sold a bunch of cattle to the appellant Hale, who was a stockbuyer. Hale gave in payment for the cattle so bought a draft on a Denver commission firm. At the time of the purchase of the cattle Hale made no representations to Cochrane as to the purpose for which he was buying the cattle, or where he intended to ship them, but he afterwards did ship them to the Denver stock yards. At this point a brand inspector raised some question about the title to a part of the animals. Thereupon, Hale wired Cochrane that he, Hale, had stopped payment on the draft, and that the cattle were subject to Cochrane's order.

The evidence discloses beyond question (a) that the title to all the cattle, save one steer, was in Cochrane when he sold them to Hale, and as to this steer Cochrane has never at any time made any claim, and its value is not included in the amount for which he sues; (b) that Hale consigned the cattle to a firm of commission merchants in Denver, who sold them on the open market; (c) that Cochrane had nothing whatever to do with the sale of the cattle, exercised no authority over them after Hale had taken possession of them, and gave no direction whatever concerning their disposition; (d) that the cattle were not taken in charge by the brand inspector,

nor did he, the inspector, in any manner interfere with their sale, further than to request the commission merchants to hold up the proceeds from the sale of a few head of the cattle about the title to which, owing to certain brands, there was in the mind of the inspector some doubt; (e) that Cochrane came to Denver with a bill of sale showing his title to all the cattle save one, whereupon Hale's brokers, who had sold the cattle as above related, urged Cochrane to accept the proceeds from the sale of the cattle then in their hands, which (save as to the one steer to which Cochrane made no claim) he did; (f) that the sum of money turned over to Cochrane by Hale's brokers was something over $700 short of the amount which Hale owed Cochrane (payment on the draft having been stopped).

On the trial of the case, which Cochrane brought for the balance due him on the purchase price of the cattle, the judge directed a verdict in Cochrane's favor.

Appellant's defense seems to be predicated upon the contention that he had a right, under the circumstances above related, to rescind the contract, and that his telegram to Cochrane amounted to a rescission. How Hale can claim the right to buy cattle, ship them to a foreign state, consigned to commission merchants or brokers of his own choosing, and then, when someone, without any apparent authority so to do, merely questions his title, rescind the contract of sale, leaving the cattle in charge of his, Hale's agents, in a city distant from the point of purchase, is not clear. But granting that under certain conditions he might have this right, when his brokers sell the aforesaid animals without any authority of any sort from the original owner who sold them to Hale, but presumably as the agent of Hale himself, the doctrine of rescission would appear impossible of application.

The record discloses that after Hale had purchased the cattle, and before they could be disposed of on the

Denver markets, there had been a slump in prices. It is this fact, we are constrained to believe, rather than the action of the brand inspector complained of, which moved appellant to stop payment on the draft.

On the whole record, the trial court was warranted in instructing the verdict for the plaintiff, and the judgment is affirmed.

*Judgment Affirmed.*